Proof of claim by Morris Rudner, as creditor, against the insolvent corporation was filed with the receiver and disallowed by him. The creditor appeals.
The claimant leased certain premises to the defendant corporation on March 10th, 1925, for ten years at a rental of *Page 429 
(roughly) $5,000 a year, payable monthly. The lease contained a re-entry clause for default in payment of rent, and a provision that if the lessee should assign the lease or sublet or underlet any part of the premises, "it shall continue liable to the lessors for such rent as shall be due and unpaid by the assignee or sublessee."
The defendant company was adjudged insolvent and receiver appointed on March 10th, 1926. The receiver occupied the premises and paid the rent, while winding up defendant's business, and on September 1st, 1926, sold and assigned the leasehold for the residue of the term of the lease to a third party, subject to the covenants and conditions of the lease. For this assignment he received $3,500 — the assignee, of course, being bound to pay to the lessor the rent as it accrued.
Meanwhile, the lessor had filed with the receiver on June 4th, 1926, the proof of claim now sub judice. This claim sets forth the lease and claims against the defendant company "the contingent liability" under the terms of the lease whereby the lessee is liable to lessor for such rent as might hereafter become due and unpaid by any assignee or sublessee of the defendant company.
It was held in Stockton v. Mechanics, c., Bank, 32 N.J. Eq. 163,
and, again, in Klein v. Gavenesch Co., 64 N.J. Eq. 50,
that a lessor has no claim against the receiver of an insolvent corporate lessee for the full rent in futuro under the lease, after the surrender of the leased premises by the receiver. In the latter case, and also in Bolles v. Crescent Drug andChemical Co., 53 N.J. Eq. 614, the question is raised, but not decided, as to whether, under such circumstances, a lessor might have some claim against the insolvent estate — as for instance, for damages because of inability to rent the premises at as high a rent as that reserved in the lease.
In the present case the receiver has assigned the unexpired term of the lease instead of surrendering it. For several months the assignee has been paying the full rent to the lessor-claimant and the latter has been receiving it without objection. Under the provision of the lease before referred to, the liability of the original lessee has thus become secondary *Page 430 
and contingent — a liability only for "such rent as shall be due and unpaid by the assignee."
Such a liability is one of suretyship. It is contingent and uncertain. There is no indebtedness, at present, from the original lessee; whether or not there ever will be is entirely uncertain and speculative.
It is not merely a liability for damages unliquidated, as was the case in Spader v. Mural Decoration, c., Co., 47 N.J. Eq. 18,
where claim was made, by employes of a company under long-term contracts, for damages for the breach of contract resulting from the insolvency. In that case the claimants were sent to a law court to have the damages assessed by a jury, and allowed to prove their claims for, and receive dividends upon, the amounts of the verdicts. But in the present case, there has been no breach; and it is quite uncertain that there will ever be any breach; there can be none unless and until the assignee (or some subsequent assignee or undertenant) fails to pay the rent.
Nor is this case like the liability of a life insurance company on a paid-up policy, where the liability although contingent as to date of maturing is nevertheless certain, since the insured will surely die at some time.
The point now at issue seems never to have been adjudicated in this state, but there are a few cases in other jurisdictions, some of which are mentioned by Vice-Chancellor Lane in Allen v.Distilling Co. of America, 87 N.J. Eq. 531 (at pp. 536 etseq). In that case the opinion indicated as the view of this court that stockholders of a corporation which had an outstanding suretyship obligation cannot dissolve the corporation under the statute without providing for the payment of adequate securing of that obligation. (The actual adjudication was rested on a particular act of estoppel.) In such a case the claim by the suretyship claimant is against the stockholders of the company. Such a claim as against creditors of an insolvent company who have fixed and natural claims, cannot be allowed. The claimant cannot be permitted to participate with such creditors in the distribution of the assets, for there is nothing due him, and *Page 431 
may never be. Nor will he be permitted, for the protection of his possible future debt, to delay the distribution amongst such creditors. This is the prevailing rule and it rests on the grounds of justice, convenience and practical necessity. In view of the citation of authorities in the Allen Case, supra, such citation need not here be repeated. The matured creditors have a right to the payment of their debts at once; it would be unfair to delay them for the benefit of one who may never be entitled to share in the fund, and it would be an intolerable burden on the courts to drag out the administration of the insolvent estates to such lengths as would be necessitated by a contrary rule.
The disallowance of the claim by the receiver will be affirmed; but without prejudice to the right of the claimant either (a) to file supplemental claim, if before distribution there should occur a default in payment by the assignee which would fix a liability on the corporate estate, or (b) to make application subsequently for the securing of its contingent obligation before any distribution to stockholders, if it should appear that the proceeds in the hands of the receiver will exceed the amount required for the payment of administration expenses and the claims of actual creditors. On these two points no opinion is necessary at the present time.